

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| LT GROUP USA, LLC, | ) | No. ED110910 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 22SL-AC13458 |
| | ) | |
| MOUNANET CLARK, | ) | Honorable Jeffrey P. Medler |
| | ) | |
| Appellant. | ) | Filed: May 2, 2023 |

## Introduction

Respondent LT Group USA, LLC filed an unlawful detainer action against Appellant Mounanet Clark. The trial court entered judgment in favor of Respondent. In three points on appeal, Appellant argues we should reverse the trial court's judgment. We dismiss the appeal.

## Procedural Background

On June 21, 2022, Respondent filed an affidavit and complaint in unlawful detainer against Appellant. On July 5, 2022, Appellant, pursuant to Rule 55.27(a), filed a motion to dismiss Respondent's affidavit and complaint or, in the alternative, stay the affidavit and complaint. Nothing in the record indicates the trial court acted on Appellant's motion to dismiss.

Instead, on August 2, 2022, the parties appeared for trial. Evidence was adduced, and the case was heard and submitted. Based on the pleadings, trial evidence, and credibility of the

witnesses, the trial court entered judgment against Appellant for unlawful detainer of property lawfully possessed by Respondent.

Appellant, acting *pro se*, appeals.

## Discussion

We dismiss this appeal for a multitude of serious briefing deficiencies. *See* Rule 84.13(a) ("[A]llegations of error . . . not properly briefed shall not be considered in any civil appeal . . . .").[1]

Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Rule 84.04's requirements are mandatory, even for *pro se* appellants. *Id.*; *Mecey v. Harps Food Stores, Inc.*, 661 S.W.3d 14, 16 (Mo. App. E.D. 2023). Although this Court prefers to excuse technical deficiencies in a brief if we can understand the issues and reach the merits of the case, it will not consider a brief so deficient that it fails to give notice to this Court and to the other parties of the issue presented on appeal. *Lexow*, 643 S.W.3d at 505.

This Court's preference for reaching the merits of a case must be balanced with the implications of doing so when presented with a deficient brief: the Court faces the dilemma of either deciding the case and possibly setting precedent upon inadequate briefing and advocacy, or undertaking additional research and briefing to ameliorate the deficiency in favor of one party, to the detriment of the opposing party and of parties to other cases awaiting disposition. *See id.* (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Merely reiterating the importance of our mandatory briefing rules without consequence "implicitly condones continued

---

[1] All rule references are to the Missouri Supreme Court Rules (2022) unless otherwise indicated.

violations and undermines the mandatory nature of the rules." *Young v. Missouri Dep't of Soc. Servs.*, 647 S.W.3d 73, 76 (Mo. App. E.D. 2022).

## *Rule 84.04(c): Statement of Facts*

An appellant's brief must contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Appellant's statement of facts is riddled with arguments and asides irrelevant to the questions presented.

A statement of facts must also "have specific page references to the relevant portion of the record on appeal." *Id.* "If the portion cited is contained in the appendix, a page reference to the appendix shall also be included." *Id.* Many of the factual allegations and arguments contained in Appellant's statement of facts have no page references to the record on appeal or the appendix.[2] Though some paragraphs in the statement of facts are followed by references to the legal file, these sporadic references are insufficient under Rule 84.04(c). *Lexow*, 643 S.W.3d at 508. For every statement of fact, a specific page reference is required. *Id.*

## *Rule 84.04(d): Points Relied On*

Points relied on are central to the formation of a brief. *Lexow*, 643 S.W.3d at 505. Appellants points relied on are lacking in multiple respects.

First, a point relied on which does not state "wherein and why" the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review. *Id.*; Rule 84.04(d)(1). In compliance with Rule 84.04(d)(1)(A), Appellant's points do appear to "[i]dentify the trial court ruling or action" that she challenges, thus accounting for the "wherein" requirement. *See Lexow*, 643 S.W.3d at 505. But Appellant's points fail to address "why" the trial court's alleged errors merit reversal. *See id.*; *see also* Rule 84.04(d)(1)(B)-(C). This is of particular concern

---

[2] Appellant's legal file also is deficient in that the pages of volume two are not consecutively numbered. *See* Rule 81.12(b)(2)(E).

given that Rule 84.04(d) "itself provides a simple template for an appellant to follow to ensure compliance with the rule."[3] *Lexow*, 643 S.W.3d at 505. Considering that a template is specifically provided in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on. *Young*, 647 S.W.3d 77. Here, "each point relied on wholly fails to follow the simple template provided in Rule 84.04(d). The points are not substantially in the form provided by the rule, as required." *Lexow*, 643 S.W.3d at 507.

Second, in a point relied on, "[a]ny reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues. Detailed evidentiary facts shall not be included." Rule 84.04(d)(4). Appellant's third point blatantly violates this rule.[4]

Third, "[i]mmediately following each 'Point Relied On,' the appellant . . . shall include a list of cases, not to exceed four, and the . . . statutory, and . . . other authority upon which that party principally relies." Rule 84.04(d)(5). Immediately following Appellant's first, second, and third points are lists containing eight, 18, and ten cases, respectively, all vastly exceeding the four-case maximum.

*Rule 84.04(e): Argument*

---

[3] "The point shall be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].'" Rule 84.04(d)(1).

[4] Appellant's third point relied on states in full:

> The trial court erred in finding that Respondent's title was superior to Appellant's when Appellant's claims at trial, *inter alia*, were that her title was superior to Respondent's in that Appellant acquired a fee simple ownership interest in the property based on her purchase of the property from a Missouri trust owned and controlled by Gregory Dixson, a convicted felon serving time for drug trafficking, wherein Gregory Dixson took a $50,000.00 deposit from Appellant based on a lawful contract, where thereunder Gregory Dixson executed a Quitclaim Deed in favor of Appellant, and then immediately thereafter, Gregory Dixson pledged the same subject property as collateral for a loan on which Gregory Dixson defaulted, giving rise [*sic*] the foreclosure upon which Respondent's claim of ownership is based, where the loan that Gregory Dixson obtained was procured by fraud.

All of Appellant's argument sections are deficient. To begin with, none of Appellant's argument sections includes "a concise statement describing whether the error was preserved for appellate review" or "if so, how it was preserved." Rule 84.04(e). Appellant's third point has a section nominally titled "Standard of Review." But that section cites legal authority pertaining only to quiet title actions, not the applicable standard of review required under Rule 84.04(e).[5]

Rule 84.04(e) further requires, "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal . . . . If the portion cited is contained in the appendix, a page reference to the appendix shall also be included . . . ." While, as previously mentioned, some portions of Appellant's statement of facts are sprinkled with page references to the record on appeal, nowhere in any of Appellant's argument sections is there a single specific page reference to the relevant portion of the record on appeal or to the appendix. An argument section with only a few specific page references, let alone none, violates Rule 84.04(e). *Lexow*, 643 S.W.3d at 509.

*Rule 84.04(h): Appendix*

Finally, Appellant's appendix fails to comply with Rule 84.04(h) for several reasons.

First, an appellant's brief "shall be accompanied by a separate appendix containing," as relevant here, "the judgment, order, or decision in question, including the relevant findings of fact and conclusions of law filed in a judge-tried case." Rule 84.04(h). Appellant's appendix does not include the judgment, order, or decision in question. "Although a copy of the judgment

---

[5] The standard of review for a judgment in a court-tried case, as we have here, is that we must affirm unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; (3) it erroneously declares the law; or (4) it erroneously applies the law. *Singleton v. Singleton*, 659 S.W.3d 336, 341 (Mo. banc 2023) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Appellant cites this applicable standard of review in her second point relied on but omits it from the third point relied on.

is located within the legal file, Appellant's appendix does not contain a copy." *Young*, 647 S.W.3d at 78.

Second, the appendix shall have a separate table of contents. Rule 84.04(h). Appellant filed no table of contents.

Third, the pages in the appendix shall be numbered consecutively beginning with page A1. *Id.* Appellant's 28-page appendix instead begins with page A1 but, after reaching page A8, begins again with A5, later includes A6 through A8 again, contains no page A17, and ends with simply page "18."

Appellant's failure to comply with Rule 84.04(h) alone is sufficient grounds for dismissal of this appeal. *Young*, 647 S.W.3d at 78.

### Conclusion

The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. . . . If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case. Accordingly, they will be applied. We hold, therefore, that appellant has no brief here within the fair intendment of our rules.

*Lexow*, 643 S.W.3d at 509 (quoting *Sullivan v. Holbrook*, 211 Mo. 99, 109 S.W. 668, 670 (1908)).

The appeal is dismissed.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.